NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DONALD HELLER,** <br>    Plaintiff, <br><br>    v. <br><br> **OPTIMAL ACUITY CORPORATION, et al.** <br>    Defendants. | Civil Action No. 21-20371 (RK)(TJB) <br><br> **MEMORANDUM OPINION** |

**BONGIOVANNI, United States Magistrate Judge**

  This matter comes before the Court on Plaintiff Donald Heller's ("Plaintiff") Motion requesting leave to file a Second Amended Complaint (Docket Entry No. 34) ("Motion to Amend"). Through the proposed Second Amended Complaint, Plaintiff seeks to (1) add Patricia Berry and Edward Saenz as defendants and (2) revive claims against Michael James Berry II ("Berry II"). (Pl.'s Mov. Br., at 1; Docket Entry No. 34). Alfred C. Constants, III, Esq. and the law firm of Constants Law Offices LLC, counsel of record for Defendant Michael James Berry I (collectively referred to as "Berry I"), oppose Plaintiff's Motion to Amend (Docket Entry No. 35), to which Plaintiff has replied (Docket Entry No. 36). The Court has fully reviewed and considered all arguments for and against Plaintiff's Motion to Amend. The Court considers the motion without oral argument pursuant to L.Civ.R. 78.1(b). For the following reasons set forth below, Plaintiff's Motion to Amend is **GRANTED, in part, and DENIED, in part as moot.**

1

## I. BACKGROUND AND PROCEDURAL HISTORY

On November 4, 2021, Plaintiff filed this action in the Superior Court of New Jersey, Law Division, Somerset County. The action arises from a dispute regarding Optimal Acuity Corporation's ("OAC") alleged employment of and alleged failure to pay wages to Plaintiff. (*See generally* Pl.'s Am. Compl.; Docket Entry No. 1). Plaintiff's Amended Complaint names three defendants: (1) OAC, (2) Berry I, and (3) Berry II.

The Amended Complaint states that, on October 12, 2015, OAC employed Plaintiff as Chief Operating Officer and that on March 28, 2017, OAC, through its Board of Directors, approved a resolution establishing Plaintiff's compensation as Chief Operating Officer at $300,000.00 per year, retroactive to October 12, 2015. (*Id.* at ¶10.) Plaintiff alleges that—for the entirety of the employment relationship—OAC failed to pay any compensation to Plaintiff. (*Id.* at ¶16.) Further, Plaintiff claims that in or around September 2018, Plaintiff notified OAC that it failed to pay him said compensation and demanded that OAC tender payment of same. (*Id.* at ¶17.) According to Plaintiff, in response to and as a result of Plaintiff's September 2018 notification, OAC's Board of Directors adopted a resolution—effective October 27, 2018—to terminate Plaintiff's employment with OAC. (*Id.* at ¶18.)

In the Amended Complaint, Plaintiff also brings claims against Berry I and Berry II. Plaintiff alleges that Berry I and Berry II were officers of OAC and managed OAC during all relevant time periods. (*Id.* at ¶12.) Plaintiff asserts that, in addition to OAC, Berry I and Berry II were Plaintiff's "employers" as defined under the New Jersey Wage Payment Law, New Jersey Wage and Hour Law, the Federal Fair Labor Standards Act, and other state and federal laws. (*Id.* at ¶11.)

Based on the facts alleged in the Amended Complaint, Plaintiff asserts five causes of action against all three of the defendants: (1) failure to pay wages in violation of New Jersey and federal law; (2) retaliatory discharge; (3) breach of contract; (4) breach of the implied covenant of good faith and fair dealing; and (5) quantum meruit. (*Id.* at ¶¶19-46.)

On December 6, 2021, Defendants removed the action from the Superior Court of New Jersey to the United States District Court for the District of New Jersey. (Docket Entry No. 1).

On December 10, 2021, Defendants filed a Motion to Dismiss the Amended Complaint (Docket Entry No. 4), which Plaintiff opposed (Docket Entry No. 10). In their Motion to Dismiss, Defendants asserted that Plaintiff was never an employee at OAC but rather that he served as an independent contractor. (Docket Entry No. 4). Defendants maintained that given Plaintiff's alleged status as an independent contractor, Plaintiff's causes of action were impermissible under the relevant federal and state laws. (Defs.' Mov. Br. in Supp. of Mot. to Dismiss, at 1; Docket Entry No. 4).

On January 4, 2022, Plaintiff voluntarily dismissed without prejudice his claims against Berry I and Berry II for breach of contract (Count III), breach of the implied covenant of good faith and fair dealing (Count IV), and quantum meruit (Count V). (Docket Entry No. 9). Plaintiff's claims for failure to pay wages in violation of New Jersey and federal law (Count I) and retaliatory discharge (Count II) survived against Berry I and Berry II.

On November 21, 2022, OAC filed a Suggestion of Bankruptcy, indicating that an automatic stay against Plaintiff's claims in this Action went into effect, because it had filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Western District of Texas. (Docket Entry No. 17).

On February 27, 2023, the District Court issued a Letter Order denying the motion to dismiss as to the individual defendants Berry I and Berry II. (Docket Entry No. 19). In Its Letter Order, the District Court found:

> I [the Honorable Georgette Castner, U.S.D.J.] find that, based on the factual allegations in the Complaint, Plaintiff has stated claims for failure to pay wages and retaliatory discharge against the Individual Defendants. While the litigants clearly disagree about the basic facts giving rise to this lawsuit, the Court will not attempt to adjudicate such disputes at this early stage, without there having been any opportunity for discovery and therefore without the benefit of additional context for these fact-intensive inquiries.

(Letter Order of 02/27/2023, at 3; Docket Entry No. 19). Subsequently, on March 27, 2023, Berry I filed an Answer to the Amended Complaint. (Docket Entry No. 24). On or around the same time, Plaintiff and Berry II engaged in extrajudicial discussions in an attempt to resolve their dispute.

On April 17, 2023, the parties filed a stipulation of dismissal, without prejudice, of Plaintiff's claims against Berry II, which was signed by the District Court and entered on April 18, 2023. (Docket Entry Nos. 27 and 28).

On September 12, 2023, the parties filed a notice of voluntary dismissal, without prejudice, of Plaintiff's claims against OAC which was entered on September 13, 2023. (Docket Entry Nos. 32 and 33).

On September 19, 2023, Plaintiff filed the instant Motion for Leave to File a Second Amended Complaint, seeking to (1) add Patricia Berry and Edward Saenz as defendants, asserting Counts I and II of the first Amended Complaint against same and (2) revive Counts I and II of the first Amended Complaint against Berry II. (Pl.'s Mov. Br. in Supp. of Mot. to Am., at 1, 6; Docket

Entry No. 34)("Pl.'s Mov. Br.").[1] More specifically, Plaintiff claims that "[t]he proposed Second Amend Complaint alleges that Berry I, Berry II, Patricia Berry, and Edward Saenz were officers and/or directors of OAC and managed OAC," and thereby asserts the same causes of action stated in Counts I and II of the first Amended Complaint against these defendants. (*Id.* at 6-7.)

In his motion as to the new defendants Patricia Berry and Edward Saenz, Plaintiff posits that the proposed Second Amended Complaint does not modify claims already asserted against Berry I. (*Id.* at 7.) Rather, the Second Amended Complaint seeks only to add these individuals as additional defendants on the currently pending causes of action. (*Id.*) Based on this premise, Plaintiff argues that "[the] [District] Court has already held that virtually identical allegations in the Amended Complaint sufficiently state claims against Berry I and Berry II for failure to pay wages and retaliatory discharge." (*Id.* at 8 (citing Letter Order of 02/27/2023, at 4-7; Docket Entry No. 19)). Accordingly, Plaintiff argues that "for the same reasons the Amended Complaint sufficiently stated claims against Berry I and Berry II, the proposed Second Amended Complaint sufficiently states claims against Berry I, Berry II, Patricia Berry, and Edward Saenz." (*Id.* at 8-9.)

As to Berry II, Plaintiff highlights that the voluntary dismissal entered on April 18, 2023, specifically dismissed all claims against Berry II without prejudice. (*Id.* at 8 (citing Docket Entry No. 28)). Given that dismissal was without prejudice, Plaintiff contends that he should be freely granted leave to revive his claims against Berry II. (*Id.* at 8.) Furthermore, given the District

---

[1] In his opposition, Berry I accurately notes that proposed defendant Patricia Berry was omitted from the caption of the Second Amended Complaint. (Docket Entry No. 35, at 2). In his reply, Plaintiff states that such omittance was inadvertent, and if granted leave to file the amended pleading, Plaintiff will add Patricia Berry to the caption. (Docket Entry No. 36, at 5 n.2).

Court's determination that Counts I and II may proceed against Berry II, Plaintiff submits that the revival of said claims is not futile. (*See id.* at 8-9.)

Finally, considering that depositions have not been taken, a trial date has not been set, mediation has not been scheduled and arbitration has not been assigned to this matter, Plaintiff maintains that the proposed Second Amended Complaint will not materially affect or prejudice Berry I, the current, sole Defendant in this matter. (*Id.* at 7-8.) Plaintiff argues that the interests of justice favor granting Plaintiff leave to file the proposed Second Amended Complaint. (*Id.* at 9.)

On September 22, 2023, Berry I filed his opposition to Plaintiff's Motion to Amend contending that Plaintiff's Second Amended Complaint violates Fed. R. Civ. P. 11 and Fed. R. Civ. P. 9(f). (Def.'s Opp'n to Pl.'s Mot. to Am., at 2; Docket Entry No. 35) ("Def.'s Opp'n). Berry I primarily asserts that, despite the parties having exchanged document discovery and answers to interrogatories, Plaintiff has failed to provide any evidence that suggests (1) that Plaintiff was an employee of OAC and (2) that Patricia Berry and Edward Saenz were directors of OAC during the time and place alleged in and by Plaintiff's causes of action. (*Id.* at 2-3.) It is Berry I's position that Plaintiff was never an employee of OAC. Moreover, Berry I alleges that the proposed new defendants were directors after Plaintiff's termination. (*Id.*)

On October 2, 2023, Plaintiff filed his reply to Berry I's opposition. (Docket Entry No. 36). Plaintiff, in his reply, prefaces that Berry I seemingly endeavors to oppose Plaintiff's motion on futility grounds. (Pl.'s Reply Br., at 1; Docket Entry No. 36).

Regarding Berry I's claims against the proposed new defendants, Plaintiff, as a threshold issue, contends that Berry I lacks standing to argue that the proposed amendments should be denied on futility grounds. (*Id.* at 5.) Plaintiff maintains that the Court should reject Berry I's contentions

6

regarding the new defendants on this basis alone. (*Id.*) As to the substance of Berry I's contentions, Plaintiff argues that the Berry I fails to establish futility. In support of this position, Plaintiff states that the Court should disregard defense counsel's statements made in his opposition brief as "inadmissible hearsay, unfounded speculation, and irrelevant to this motion." (*Id.* at 6.) Plaintiff further states the even if the Court were to find that Berry I has standing for his claims and were to consider defense counsel's statements, Berry I has failed to proffer any evidence or legal authority in support of his statements and arguments. (*Id.* at 7.)

As to Berry II, Plaintiff submits that Berry I fails to prove that the reassertion of the same claims against Berry II in the Second Amended Complaint is futile. (*Id.*) First, Plaintiff reiterates that since the District Court previously denied Defendants' Rule 12(b)(6) motion against Berry II, the Second Amended Complaint is not futile, as it seeks to re-assert the same claims that survived Defendants' motion to dismiss. (*Id.* at 2.) Second, Plaintiff emphasizes that he merely seeks leave to file an amended pleading; he does not seek summary judgment. (*Id.*) Plaintiff posits that: therefore, he has no burden on his present motion to proffer evidence establishing the substance of his claims. (*Id.* at 3.) Finally, Plaintiff contends that Berry I's suggestions—that Plaintiff must have a document showing that he is an employee to prevail on his claims and that Plaintiff has the burden of proving that he was an employee rather than an independent contractor—are both mistaken. (*Id.* at 3–4.) It is Plaintiff's position that whether any document exists that explicitly characterizes Plaintiff as an "employee" is not dispositive of his claims and that pursuant to the relevant law, Berry I has the burden of proving that Plaintiff was an independent contractor. (*Id.*)

Further, during the pendency of the present motion, Plaintiff filed a letter with Court, reporting that:

7

> Plaintiff and Berry II recently reached a settlement agreement that resolves the claims Plaintiff seeks to assert against Berry II. Consequently, Plaintiff withdraws his pending motion insofar as it seeks to add Berry II as a defendant. Plaintiff maintains his motion insofar as it seeks to add Edward Saenz and Patricia Berry as defendants.

(Pl.'s Letter of 01/10/2024; Docket Entry No. 37). Accordingly, in the analysis that follows, the Court only addresses Plaintiff's Motion for Leave to File a Second Amended Complaint insofar as it seeks to add Edward Saenz and Patricia Berry as defendants.

## II.   ANALYSIS

Pursuant to Federal Rule of Civil Procedure 15(a)(2) "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The decision to grant leave to amend is left within the discretion of the district court. *Toll Bros., Inc. v. Twp. of Readington*, 555 F.3d 131, 144 n.10 (3d Cir. 2009). To ensure that claims will be decided on the merits rather than on technicalities, the Third Circuit has shown a strong liberality in allowing amendments under Rule 15. *Dole v. Arco Chemical Co.*, 921 F.2d 484, 487 (3d Cir. 1990). Pursuant to the factors set out in *Foman v. Davis,* leave to amend must be granted in the absence of (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposing party; and (4) futility of amendment. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (citing *Foman*, 371 U.S. at 182).

"Although leave to amend the pleadings under Fed. R. Civ. P. 15 is granted liberally, the court may deny a motion to amend" based on "futility of the amendment." *Gibbs v. Massey*, No. 07-3604, 2009 U.S. Dist. LEXIS 23578, 2009 WL 838138, at *3 (D.N.J. Mar. 26, 2009) (internal quotation marks omitted). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted.'" *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d

1410, 1434 (3d Cir. 1997) *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996)). "To determine whether a proposed amendment is futile the Court applies the same standard as a motion to dismiss under Rule 12(b)(6)." *Gibbs*, 2009 WL 838138, at *3 (citing *Medpointe Healthcare, Inc. v. Hi-Tech Pharmacal Co., Inc.*, 380 F. Supp. 2d 457, 462 (D.N.J. 2005)). "The Court therefore [must] accept all factual allegations as true 'as well as the reasonable inferences that can be drawn from them.'" *Id.* (quoting *Brown v. Phillip Morris, Inc.*, 250 F.3d 789, 796 (3d Cir. 2001)). "[D]ismissal is appropriate only if, accepting all of the facts alleged in the [pleading] as true, the p[arty] has failed to plead 'enough facts to state a claim to relief that is plausible on its face[.]'" *Duran v. Equifirst Corp.*, Civil Action No. 2:09-cv-03856, 2010 WL 918444, *2 (D.N.J. March 12, 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)). Put simply, the alleged facts must be sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

As a threshold matter, the Court considers whether Berry I has standing to oppose Plaintiff's proposed amendments insofar as they relate to Patricia Berry and Edward Saenz. The weight of authority in this District suggests that "current parties 'unaffected by [the] proposed amendment[s]' do not have standing to assert claims of futility on behalf of proposed defendant[s]." *Conrad v. Lopez De Lasalle,* No. CV 21-8462, 2023 WL 4534110, at *4 (D.N.J. July 12, 2023); *Wright-Phillips v. United Airlines, Inc.,* No. 20-CV-14609, 2021 WL 3828837, at *4 (D.N.J. Aug. 27, 2021); *Acad. Hill, Inc. v. City of Lambertville*, No. CV19426, 2020 WL 3642694, at *4 (D.N.J. July 6, 2020); *Werner Deconstruction, LLC v. Siteworks Servs. NY, Inc.*, No. CV 15-7682, 2017 WL 1591866, at *7 (D.N.J. Apr. 28, 2017); *Custom Pak Brokerage, LLC*

9

*v. Dandrea Produce, Inc.,* No. CIV. 13-5592, 2014 WL 988829, at *2 (D.N.J. Feb. 27, 2014) (citing *Clark v. Hamilton Mortg. Co.,* No. 07–252, 2008 WL 919612, at *2 (W.D. Mich. Apr. 2, 2008) **(**citation omitted)). "Rather, current parties only possess standing to challenge an amended pleading directed to proposed new parties on the basis of undue delay and/or prejudice." *Custom Pak Brokerage, LLC,* 2014 WL 988829, at *2 [(citing *Nat'l Indep. Theatre Exhibitors, Inc. v. Charter Fin. Grp., Inc.,* 747 F.2d 1396, 1404 (11th Cir.1984)(citation omitted); *Serrano Medina v. U.S.,* 709 F.2d 104, 106 (1st Cir.1983)(citation omitted)].

Given that the proposed Second Amended Complaint seeks only to add defendants and does not modify the claims already asserted against Berry I, the Court finds that Berry I lacks standing to oppose Plaintiff's motion on futility grounds. However, that Berry I lacks standing to oppose Plaintiff's motion on futility grounds, does not mean that the Plaintiff's proposed amendments must automatically be granted. "Instead, the Court has the inherent authority to review a proposed amendment for futility," and the Court exercises this authority herein. *Werner Deconstruction, LLC*, 2017 WL 1591866, at *7 [citing *Worseter-Sims v. Tropicana Entm't, Inc.*, 46 F.Supp.3d 513, 517 (D.N.J. 2014) (recognizing that courts have inherent authority to dismiss claims *sua sponte* for failure to state claim upon which relief can be granted under Rule 12(b)(6)].

Plaintiff seeks leave to file the following proposed amendments:

- Patricia Berry is an individual, residing, on information and belief, at 7801 Comfort Cove, Austin, Texas 78731. Patricia Berry has been a Director on OAC's Board of Directors.
- Edward Saenz is an individual, residing, on information and belief, at 87 Old Road, Westport, Connecticut 06880. Edward Saenz has been a Director on OAC's Board of Directors and, after 2018, became the Chief Operating Officer of OAC.
- During all relevant time periods, Berry I . . . Patricia Berry, and Edward Saenz were officers and/or directors of OAC and managed OAC.

(Pl.'s Mot. to Am., Ex. B, at ¶¶ 4, 5, and 12; Docket Entry No. 34). In alleging the foregoing,

Plaintiff asserts Count I (Failure to pay Wages) and Count II (Retaliatory Discharge) against Patricia Berry and Edward Saenz.  Specifically, Plaintiff asserts that:

- Defendants'[2] failure to pay wages to Plaintiff violated the New Jersey Wage Payment Law, New Jersey Wage and Hour Law, the Federal Fair Labor Standards Act and other state and federal laws;
- Upon information and belief, Defendants took retaliatory action against Plaintiff by terminating his employment by OAC as Chief Operating Officer, substantially because Plaintiff complained to Defendants that OAC had not paid Plaintiff the amount of wages agreed upon and required by law;
- Defendants' failure to pay wages to Plaintiff was not an inadvertent error made in good faith; and
- Defendants did not have reasonable grounds for believing that their failure to pay wages to Plaintiff was not a violation of the New Jersey Wage Payment Law, the New Jersey Wage and Hour Law, the Federal Fair Labor Standards Act, or other state and federal laws.

(*Id.* at ¶¶ 23, 28-30.)  At this stage, "[t]he Court . . . [must] accept all factual allegations as true 'as well as the reasonable inferences that can be drawn from them.'" *Gibbs*, 2009 WL 838138, at *3 (quoting *Brown v. Phillip Morris, Inc.*, 250 F.3d 789, 796 (3d Cir. 2001)).  Given the standard of review to which the Court is bound in deciding Plaintiff's motion, Berry I's argument that Plaintiff has failed to provide any evidence in support of his proposed amendments against Patricia Berry and Edward Saenz is lacking.  Berry I's argument that Plaintiff has failed to provide sufficient evidence to substantiate his claims, more specifically that he was an employee of OAC, is insufficient.  Notably, the District Court has determined that Plaintiff has sufficiently alleged that he was an employee of the Individual Defendants [Berry I and Berry II] within the meaning of the relevant statutes and that he may proceed with his causes of action against those Individual Defendants. (Letter Order of 12/27/2023, at 5-6; Docket Entry No. 19).  Plaintiff's allegations as

---

[2] "Defendants" include Berry I, Patricia Berry, and Edward Saenz.

11

to his employment status have not changed in his Second Amended Complaint. (*Compare* Pl.'s Mot. to Am., Ex. B, at ¶¶ 10–18, 20, 28; Docket Entry No. 34 *with* Pl.'s First Am. Compl., at ¶¶ 10–18, 20, 28; Docket Entry No. 1).

Additionally, the District Court previously found that, "based on the factual allegations in the Complaint, Plaintiff has stated claims for failure to pay wages and retaliatory discharge against the Individual Defendants." (Letter Order of 02/27/2023, at 3; Docket Entry No. 19). The proposed Second Amended Complaint asserts these same causes of action stated in Counts I and II against Patricia Berry and Edward Saenz, with no additional modifications. Plaintiff's proposed Second Amended Complaint seeks only to add defendants on the asserted causes of action that survived Defendants' previous Motion to Dismiss. Accepting Plaintiff's allegations as true, Plaintiff has sufficiently plead enough facts to state a claim to relief that is plausible on its face. For the same reasons provided by the District Court in Its February 27, 2023, Letter Order, this Court finds that Plaintiff has satisfied his burden of proof. (*See* Letter Order of 02/27/2023, at 4–6; Docket Entry No. 19).

As to prejudice and undue delay, Plaintiff argues:

> [P]rejudice and delay are absent here because depositions have not been taken, a trial date has not been set mediation has not been scheduled and there is no arbitration assigned to this matter[, and] while the parties have exchanged paper discovery, the new party can easily be provided with same and obtain discovery of their own[;] as such, this matter will not be significantly prolonged.

(Pl.'s Mov. Br., at 7–8 (citing *Bittner v. Waterford Twp. Sch. Dist.*, No. 118CV10990RMBKMW, 2020 WL 10223599, at *3 (D.N.J. Jan. 13, 2020) (alterations modified) (citation omitted); Docket Entry No. 34). The Court agrees.

12

Therefore, for the foregoing reasons, the Court finds that Plaintiff's proposed amendments are non-futile, non-prejudicial, and will not cause undue delay to Berry I.

### III. CONCLUSION

Accordingly, for the reasons stated above, Plaintiff's Motion to Amend is **GRANTED, in part** and insofar as it relates to Patricia Berry and Edward Saenz**,** and **DENIED, in part as moot** and insofar as it relates to Berry II**.** An appropriate Order follows.

Dated: March 11, 2024

                                             **s/ Tonianne J. Bongiovanni**
                                             TONIANNE J. BONGIOVANNI
                                             United States Magistrate Judge